IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2013

## LUE HOLCOMB v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 09-04878      W. Mark Ward, Judge**

**No. W2012-01753-CCA-R3-CO  - Filed April 11, 2013**

The *pro se* petitioner, Lue Holcomb, appeals the dismissal of his petition for writ of error coram nobis, arguing that his discovery of a written statement containing the victim's recantation of her allegations against him constitutes newly discovered evidence of his innocence of aggravated assault.  Following our review, we affirm the dismissal of the petition.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Lue Holcomb, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

### FACTS

On August 4, 2009, the petitioner was indicted by the Shelby County Grand Jury on one count of aggravated assault against Petrina Green, the mother of his child, and one count of violation of a protective order issued to Green.  On October 9, 2009, he entered an Alford guilty plea to the aggravated assault charge in exchange for a six-year sentence as a Range I offender, suspended to supervised probation, and dismissal of the second count of the indictment.  On April 6, 2010, his probation was revoked.

On May 17, 2010, the petitioner filed a petition for post-conviction relief in which he alleged, among other things, that his guilty plea was involuntary and he received ineffective assistance of counsel because the victim had signed a sworn recantation of her assault allegations against him, which counsel never obtained for him. The post-conviction court denied the petition, and this court affirmed the judgment of the post-conviction court. Lue Holcomb v. State, No. W2010-02458-CCA-R3-PC, 2011 WL 5420814, at *1 (Tenn. Crim. App. Nov. 9, 2011). Our opinion in that case provides some background information that is pertinent to the present appeal:

> Lue Holcomb ("the Petitioner") was indicted in August 2009 on one count of aggravated assault and one count of violation of protective order arising from a March 2009 altercation with Petrina Green, the mother of his son. Approximately one month later, Green testified at the Petitioner's bond hearing that she wanted the charge dismissed because she had falsely accused the Petitioner of "putting his hands on" her when it was "just basically . . . a verbal dispute."

> She explained that, on the day she had the Petitioner arrested, she was upset because the Petitioner's mother had gained custody of their son. Green "had been drinking" and told the police "things . . . that weren't exactly true." She testified that the Petitioner had not struck her. On cross-examination, Green acknowledged that both her son and her nephew had witnessed the altercation between her and the Petitioner and that they both spoke to the police. The trial judge questioned Green during the bond hearing, learning that she had obtained an order of protection against the Petitioner and that he had earlier been convicted of two separate domestic assaults against her.

Id. (footnote omitted).

The trial court explained that it did not have the authority to dismiss the charges at the bond hearing, and the petitioner subsequently entered a best interest guilty plea to the aggravated assault charge with a sentence of six years probation. Id. at *1-2. After the trial court had accepted his plea, the petitioner claimed that the State had withheld a "sworn statement" by the victim recanting her assault allegations. He insisted, however, that he did not want to retract his plea. Our direct appeal opinion in the post-conviction case provides the following summary of what transpired at the guilty plea hearing:

> After the trial court determined that the Petitioner had "made a knowing, intelligent and voluntary decision to plead guilty and to waive his rights to trial by jury" and had accepted the Petitioner's plea, the Petitioner

-2-

stated, "I just want for the record I was entering this Alfred [sic] plea because it was the best interest for me to do it even though Brady material was withheld by the State on these cases." The trial court inquired further, and the Petitioner claimed that the victim had given a "sworn statement" to the prosecutor. The trial court asked the Petitioner if he wanted to retract his plea, advising the Petitioner that the trial court would "order the State to give [the statement] to [him] and [he] can go to trial." The Petitioner stated repeatedly that he did not want to go to trial and wanted to enter his guilty plea. The trial court accepted the plea and entered a judgment of conviction for aggravated assault with a sentence of six years, suspended to supervised probation.

Id. at *2 (footnote omitted).

At the post-conviction evidentiary hearing, the petitioner testified that Green told him she had, prior to the bond hearing, signed a sworn statement exonerating the petitioner of the charges. Id. at *3. He acknowledged, however, that he had never seen a written statement but was under the "'impression' that Green's verbal recantation to the prosecutor had been typed and signed by Green." Id. Trial counsel testified that she reviewed the State's file and never saw any written statement by Green. Id. The post-conviction court found that the petitioner's guilty plea was knowing and voluntary and that he had the benefit of effective trial counsel, and dismissed the petition for post-conviction relief. Id. at *4.

On July 12, 2012, the petitioner filed an untimely petition for writ of error coram nobis, alleging that on August 29, 2011, he had discovered that Green had faxed to his attorney a notarized affidavit fully exonerating him of the assault charge. The petitioner attached to his petition a copy of the notarized affidavit by Green, dated July 19, 2011. On July 16, 2012, the trial court entered an order summarily dismissing the petition on the basis that it was filed outside the one-year statute of limitations and did not allege any ground to require tolling and that the evidence was not newly discovered and could have been raised by the petitioner at an earlier date. Thereafter, the petitioner filed a timely notice of appeal to this court.

## ANALYSIS

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

Upon a showing by the defendant that the defendant was without fault in

failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b) (2012).

The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. See Tenn. Code Ann. § 40-26-105; State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We review this issue, therefore, under an abuse of discretion standard.

We conclude that the trial court properly dismissed the petition both on the basis that it was filed outside the one-year statute of limitations, see Tenn. Code Ann. §§ 40-26-105, 27-7-103, and that the evidence of the victim's recantation was not "newly discovered" and could have been raised by the petitioner at an earlier date. Accordingly, we affirm the dismissal of the petition for writ of error coram nobis.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court dismissing the petition for writ of error coram nobis.

_____
ALAN E. GLENN, JUDGE